UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CHANGFU CHEN,

                       Plaintiff,

          -v-

ALEJANDROS MAYORKAS; UR MENDOZA
JADDOU; ANDREA QUARANTILLO,

                  Defendants.

------------------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:
:
:

23-cv-68 (LJL)

MEMORANDUM AND
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _9/27/2023___

LEWIS J. LIMAN, United States District Judge:

      Pro se Plaintiff Changfu Chen ("Plaintiff") commenced this case by filing a complaint on

January 5, 2023. Dkt. No. 1. Summons was issued that day. Defendants Alejandros Mayorkas,

Ur Mendoza Jaddou, and Andrea Quarantillo (collectively, "Defendants") have not appeared,

and the docket reflects no activity in this case since January 5, 2023. On August 21, 2023, the

Court ordered Plaintiff to show cause by September 18, 2023 why the Court should not dismiss

this action for failure to prosecute. Dkt. No. 4. Plaintiff has not replied to that order, timely or

otherwise.

      Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for

failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*,

2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*,

2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec.

Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives

the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

"Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter

committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff appears not to have made service on Defendants within 90 days, as is required by Federal Rule of Civil Procedure 4(m). Plaintiff has not prosecuted his case at all for more than 8 months. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been deemed sufficient, *id*. (collecting cases). Plaintiff was given notice in the Court's August 21, 2023 order that failure to show cause why the Court should not dismiss the action for failure to prosecute by September 18, 2023 could result in dismissal. Dkt. No. 4. Although there is no specific evidence on the record that delay will prejudice Defendanst—indeed, there is no record beyond the Complaint and the Court's order— "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute . . . demonstrate[s] that any lesser sanction would be 'an

exercise in futility.'"  *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)).

   For the foregoing reasons, the case is dismissed for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.


   SO ORDERED.


Dated: September 27, 2023  
   New York, New York

                LEWIS J. LIMAN  
                United States District Judge